```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION
```

JOHNNY DEWAYNE LEWIS         §
(TDCJ #1879387 and former    §
TDCJ # 1558124)              §
                             §
VS.                          §   CIVIL ACTION NO.4:14-CV-673-Y
                             §
CORRECTIONS CORPORATION OF   §
AMERICA, et al.              §

ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION,
    FINDING THAT PLAINTIFF IS BARRED FROM PROCEEDING
     IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g) and,
 ORDERING PLAINTIFF TO PAY FILING AND ADMINISTRATIVE FEES

This case is one of three civil suits recently filed by inmate plaintiff Johnny Dewayne Lewis.[1] On August 20, 2014, the magistrate judge entered a findings, conclusions, and recommendation that Plaintiff not be allowed to proceed under 28 U.S.C. § 1915 because he previously incurred more than three "strikes" under 28 U.S.C. § 1915(g), and had not claimed in this case that he was under imminent danger of serous physical injury.[2] The report also recommended that Plaintiff be required to pay the full filing fee.

The Court has made an independent review of the following matters in the above-styled and numbered cause:

---

[1] The other cases were assigned case number 4:14-CV-547-O and number 4:14-CV-674-A.

[2] As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. 1915, section 1915(g) provides that a prisoner may not proceed in forma pauperis in a civil action if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West 2006).

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 20, 2014; and

3. The petitioner's written objections[3] to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 27, 2014.

The Court, after **de novo** review, concludes that, for the reasons stated by the magistrate judge, Plaintiff's objections must be overruled,[4] Plaintiff is not entitled to proceed in forma pauperis, and he must pay the filing and administrative fees if he wishes to maintain this suit.

Therefore, the findings, conclusions and recommendation of the magistrate judge are **ADOPTED**.

Furthermore, if plaintiff Johnny Dewayne Lewis (TDCJ # 1879387) wishes to proceed with this action, he must pay to the clerk of Court the full filing fee of $350.00 and administrative fee of $50.00 (total fees of $400.00) within fourteen (14) days of the date of this order (no later than September 18, 2014).[5] Plaintiff is advised that failure to timely pay the applicable fees to the Clerk of Court could result in the dismissal of this action

---

[3]Lewis entitled the document as an "appeal," but as the substance of the document challenges the magistrate judge's recommendation that he not be permitted to proceed in forma pauperis, it is construed as objections to that report.

[4]Although Lewis includes within the objections several vague and general allegations about the conditions of confinement for him and other inmates at the CCA Lindsey State Jail, he does not allege or state any facts that he is "under imminent danger of serious physical injury."

[5]As Plaintiff has previously been notified of the bar to filing under § 1915(g), the Court concludes that fourteen days to comply is sufficient.

without further notice pursuant to Federal Rule of Civil Procedure 41(b).[6]

SIGNED September 4, 2014.

_/s/ Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[6] *See Hickerson v. Christian*, 283 F. App'x. 251 (5th Cir. 2008)(A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)); *see also Link v. Wabash R. Co.*, 370 U.S. 626 (1962)(a court may dismiss for lack of prosecution under its inherent authority).